McIlvaine, J.
Can an order of attachment properly issue against the property of a married woman, in an action to charge her sepai’ate estate with the payment of her general engagements, and in which a personal money judgment Is not sought, and can not be rendered against her?
The remedy by-attachment obtains solely under and by virtue of the provisions of chapter 3, title 8, of the code of civil *392 procedure. Section 191 provides that “the plaintiff, in a civil action for the recovery of money, may, at or after the commencement thereof, have an attachment against the property of- the defendant,” and upon the grounds therein stated. Section 280, under favor of which the order of attachment in this case was sought to be enforced, provides that “ a creditor may bring an action on his claim before it is due, and have an attachment against the property of his debtor,” where the debtor has sold his property with the fraudulent intent, etc. This section authorizes a resort to the remedy by attachment before the claim is due, but it does not extend the remedy to an actiou or class of actions other than those named in section 191, to wit, actions “ for the recovery of money.” On the other hand, it limits the use of this remedy, in actions on claims not due, to such as are founded upon or sound in contract, as is clearly manifested by the necessary relation of “creditor and debtor” between the parties; while section 191 extends the remedy to all actions “ for the recovery of money,” whether sounding in contract or in tort. The question to be determined then is, was the action below, in so far as it related to the defendant in error, “ for the recovery of money,” within the meaning of section 191 ?
If the class of actions embraced by the descriptive words of this section be limited, as it unquestionably is in section 263, under the same description, there could be no doubt as to the proper answer to the question. It would be claimed by no one that an issue of fact joined between the plaintiff and Mrs. Gibson, in the court below, would have been triable, as a matter of right, by a jury. It has been held, however, that the remedy by attachment may be had, under section 191, in equitable actions for the recovery of money — that is, in actions for specific relief and also for the recovery of money. Goble v. Howard, 12 Ohio St. 165.
It is claimed that, under the doctrine of that case, the attachment against Mrs. Gibson was properly issued. We do not think so. The decision in that case was based on *393 "the ground that the plaintiff had a right to demand a personal judgment against the defendant for the money found to be due him upon a statement of the partnership accounts. 'The reasoning of the court in that case will not support the claim made by the plaintiff in error in this case. , Here, it is conceded, no personal judgment could have been rendered against the defendant in error. The only judgment allowable in such case, is one against her separate property — a judgment which can not be enforced or satisfied by process of execution, but only through the aid of a receiver.
Without, therefore, questioning the soundness of the ■rule, that attachment may issue in equitable actions, wherein personal money judgments may be rendered against the defendant, we are of opinion that, where no :such judgment can be rendered, the action is not “ for the recovery of money” within the meaning of section 191 of the code.

Motion overruled.

Day, C. J., White and Rex, JJ., concurring. Welch, <T., ■not sitting.